

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**F I L E D**

FEB 0 3 2016

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

| | |
|---|---|
| United States of America, | No.   2:15-cr-20807 |
| Plaintiff, | Hon. Arthur J. Tarnow |
| v. | |
| | Offense: 18 U.S.C. § 1349 |
| Rizwan Qadir, M.D., | |
| Defendant. | Maximum Sentence: 10 years / $250,000 fine or twice the gain/loss |

---

# Rule 11 Plea Agreement

---

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Rizwan Qadir, M.D. ("the defendant" or "Qadir") and the government agree as follows:

## 1.    Guilty Plea

### A.    Counts of Conviction

The defendant will enter a plea of guilty to Count One of the Information, which charges Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349.

### B. Elements of Offense

The elements of Count One, Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349, are as follows:

First:      That two or more persons, in some way or manner, came to a mutual understanding to try and accomplish a common and unlawful plan, as charged in the Information; and

Second:     That the defendant, knowing the unlawful purpose of the plan, willfully joined it.

As set forth in the Information, the defendant is charged with one count of conspiring to violate the health care fraud statute, 18 U.S.C. § 1347, which makes it a Federal offense for anyone, in connection with the delivery of any health care benefits, items, or services, to knowingly and willfully execute, or attempt to execute, a scheme or artifice:  (1) to defraud any health care benefit program; or (2) to obtain, by means of materially false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program.

### C. Factual Basis for Guilty Plea

The following facts are a sufficient and accurate basis for the defendant's guilty pleas:

Beginning in or about October 2010 and continuing through in or about June 2015, Qadir knowingly and willfully conspired with others to devise a scheme to

2

defraud Medicare, in violation of 18 U.S.C. § 1349. Medicare is a "health care benefit program" of the United States as defined by 18 U.S.C. § 24, and affects commerce.

Beginning in or around October 2010, the defendant devised a scheme where he would pay his co-conspirators to bring patients to his practice. Qadir would pay his co-conspirator recruiters to bring Medicare beneficiaries to his practice. Qadir would then bill Medicare Part B for services provided to these patients that were sometimes medically unnecessary. Qadir would also write prescriptions for home health services for the patients he obtained through the payment of kickbacks who he knew sometimes did not qualify for home health services under the Medicare definition of "homebound." The home health agencies then submitted fraudulent bills to Medicare Part A for medically unnecessary home health services based on the prescriptions written by Qadir.

For example, Qadir paid his co-conspirators to bring patient C.H. to his practice. C.H. did not qualify home health services under the Medicare definition of homebound. Qadir wrote a home health prescription for beneficiary C.H., and the home health agency billed Medicare Part A for services provided to C.H.

Qadir submitted and caused the submission of false and fraudulent claims to Medicare Part B in the amount $2,150,684, and Medicare paid Qadir $574,887. Based on the home health prescriptions written by Qadir, the home health agencies

3

billed Medicare Part A in the amount of $2,671,043. Medicare Part A then paid the home health agencies $3,435,575.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for the defendant's guilty pleas to the charges against him. It does not include all of the facts known to him concerning criminal activity in which he and others engaged. The defendant makes this statement knowingly and voluntarily and because he is in fact guilty of the crimes charged.

2.   **Sentencing Guidelines**

   **A.   Standard of Proof**

   The Court will find sentencing factors by a preponderance of the evidence.

   **B.   Guideline Range**

   There are no sentencing guideline disputes. Except as provided below, the defendant's guideline range is 70-87 months, as set forth on the attached worksheets.

If the Court finds:

   1.   That the defendant's criminal history category is higher than reflected on the attached worksheets, or

   2.   That the offense level should be higher because, after pleading guilty, the defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of

4

acceptance of responsibility for his offenses; or obstructed justice or

committed any crime,

and if any such finding results in a guideline range higher than is recommended by

the parties, then the higher guideline range becomes each party's recommended

range. However, if the Court finds that the defendant is a career offender, an armed

career criminal, or a repeat and dangerous sex offender as defined under the

sentencing guidelines or other federal law, and that finding is not already reflected

in the attached worksheets, this paragraph does not authorize a corresponding

increase in either party's recommended range. Neither party may take a position in

this Court contrary to any position of that party reflected on the worksheets or

worksheet addendum, except as necessary to the Court's determination regarding

subsections 1) and 2), above.

3.     **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing

so must consider the sentencing guideline range.

A.     **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of

imprisonment in this case may not exceed the top of the sentencing guideline range

recommended by the government as described in Paragraph 2B.

5

**B.     Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is three years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

**C.     Special Assessment**

The defendant will pay a special assessment of $100. The defendant is required to pay the special assessment immediately after sentence is imposed and provide a receipt to the United States Attorney's Office within 24 hours of sentencing. The defendant is encouraged to voluntarily pay the special assessment before sentencing and bring the receipt to sentencing.

**D.     Fine**

There is no agreement as to fines.

**E.     Restitution**

The Court shall order restitution to every identifiable victim of the defendant's offense. The victim in this case is U.S. Department of Health and Human Services.  There is no agreement as to the amount of restitution, except that restitution shall not exceed $4,010,462.

6

**F.   Forfeiture**

Pursuant to 18 U.S.C. § 982(a)(7) and/or 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), defendant agrees to forfeit to the United States all property, real and personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to defendant's conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, as charged in Count One of the Information, including, but not limited to the following:

a.   One Hundred and Seven Thousand Two Hundred Thirty-Nine Dollars and Eighty-Nine Cents ($107,239.89) in United States Currency seized on or about June 18, 2015, from Talmer Bank and Trust Account Number xxxxxx0476, held in the name of Rizwan Qadir, M.D., P.C.;

b.   Eighteen Thousand Two Hundred Eighty-Nine Dollars and Sixty-One Cents ($18,289.61) in United States Currency seized on or about June 18, 2015, from Talmer Bank and Trust Account Number xxxxxx2505, held in the names of Rizwan Qadir and Fariha Qadir; and

c.   Ten Thousand Two Hundred Seventy-Four Dollars and Thirty-Eight Cents ($10,274.38) in United States Currency seized on or about June 18, 2015, from Talmer Bank and Trust Account Number xxxxx0971, held in the names of Rizwan Qadir and Fariha Qadir.

(hereinafter collectively referred to as the "Subject Property").

Defendant also agrees to the entry of a personal forfeiture money judgment against him in favor of the United States in the amount to be determined by the Court.  Defendant agrees that the Court will determine what amount of money constitutes, or was derived from, the proceeds defendant obtained, directly or indirectly, from the crime he committed as charged in Count One, and defendant will be ordered to pay that amount under Fed. R. Crim. P. 32.2.

Defendant agrees that the Subject Property constitutes or is derived from proceeds traceable to defendant's violation of 18 U.S.C. § 1349, as charged in Count One and there is a substantial nexus between his violation of Count One and the Subject Property.

Defendant agrees to the entry of one or more orders of forfeiture incorporating the forfeiture of the Subject Property and the above referenced money judgment, including the Court's prompt entry of a Preliminary Order of Forfeiture, following the defendant's guilty plea, upon application by the United States at, or any time before, his sentencing in this case, as mandated by Fed. R. Crim. P. 32.2. The defendant agrees to sign such an order, indicating he consents to its entry if requested to do so by the Government.

The defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of defendant.  To satisfy the money judgment, the defendant explicitly agrees to the

forfeiture of any assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise. The amount *owed* by defendant on the money judgment will be reduced by the amounts obtained by the United States as a result of successfully and finally forfeiting the above referenced property.

Pursuant to 21 U.S.C. §853(p), if, by any act or omission of the defendant, the Subject Property cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the defendant agrees to the forfeiture of any of his other real or personal property, up to the value of such unavailable assets.

The defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule ll(b)(l)(J), at the time his guilty plea is accepted.

9

The defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including, but not limited to, any Double Jeopardy challenge and any challenge that the forfeiture constitutes an excessive fine or punishment under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

The defendant further agrees to hold the United States and its agents and employees harmless from any claims whatsoever in connection with the seizure and forfeiture of property covered by this Plea Agreement.

Non-Abatement of Criminal Forfeiture:  The defendant agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors, and assigns until the agreed forfeiture, including the money judgment amount, is collected in full.

4.   **Cooperation Agreement**

The written cooperation agreement between the defendant and the government, dated the same as this Agreement, is part of this plea agreement.

10

5.      **Use of Withdrawn Guilty Plea**

If the Court allows the defendant to withdraw his guilty plea for a "fair and just reason," pursuant to Fed. R. Crim. P. 11(d)(2)(B), the defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

6.      **Exclusion from the Medicare Program and Other Federal Health Care Programs**

The defendant understands and acknowledges that as a result of this plea, the defendant will be excluded from Medicare, Medicaid, and all federal health care programs. The defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect the defendant's right to apply for and receive benefits as a beneficiary under any federal health care program, including Medicare and Medicaid.

7.      **Each Party's Right To Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

The defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which the defendant may withdraw from this agreement. The Court shall advise the defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

8.   **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the maximum allowed by Part 3 of this agreement, the defendant also waives any right he may have to appeal his sentence on any grounds. If the defendant's sentence of imprisonment is within the guideline range determined by Paragraph 2B, the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range. This waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel.

9.   **Consequences of Withdrawal of Guilty Plea/Vacation of Conviction**

If the defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against the defendant within six months after the date of

the order vacating the defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, the defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

10.   **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Department of Justice, Criminal Division, Fraud Section and the United States Attorney's Office for the Eastern District of Michigan.

11.   **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

13

Notwithstanding the previous paragraph, if the defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 12.  Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on January 12, 2016. The government reserves the right to modify or revoke this offer at any time before the defendant pleads guilty.

//

Barbara L. McQuade
United States Attorney


F/b: Wayne F. Pratt
Assistant United States Attorney
Chief, Health Care Fraud Unit

Gejaa T. Gobena
Deputy Chief, Fraud Section
Chief, Health Care Fraud Unit
U.S. Department of Justice, Criminal
Division

14

Amy M. Markopoulos
Trial Attorney
Department of Justice
Criminal Division, Fraud Section

Date:

By signing below, the defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. The defendant agrees that he has had a full and complete opportunity to confer with his lawyer and has had all of his questions answered by his lawyer.

Christopher Andreoff, Esq.
Attorney for Defendant

Rizwan Qadir, M.D.                    1/12/2016
Defendant

Alan Rogalski, Esq.
Attorney for Defendant

Date: January 12, 2016

15

| Defendant: | Rizwan Qadir | Count: | 1 |
| Docket No.: | | Statute(s): | 18 U.S.C. § 1349 |

### WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

### 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| § 2B1.1 | Base Offense Level | 6 |
| § 2B1.1(J) | Loss Amount > $3,500,000 | 18 |
| § 2B1.1(b)(7) | Healthcare Fraud > $1,000,000 | 2 |
| § 2B1.1(b)(10) | Sophisticated Means | 2 |
| | | |

### 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| § 3B1.3 | Abuse of Position of Trust | 2 |
| | | |
| | | |
| | | |

A-1

| Defendant: | Rizwan Qadir | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. § 1349 |

### 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

30

**********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*



*If the defendant has no criminal history, check this box and skip Worksheet C.*

A-2

| Defendant: | Rizwan Qadir | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. § 1349 |

# **WORKSHEET B (Multiple Counts)**

## **Instructions (U.S.S.G. ch. 3, pt. D):**

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

2. **GROUP TWO:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

3. **GROUP THREE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

4. **GROUP FOUR:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

| | unit |
|---|---|
| | unit |
| | unit |
| | unit |

5. **TOTAL UNITS**

| units |
|---|

B-1

| Defendant: | Rizwan Qadir | Count: | 1 |
| Docket No.: | | Statute(s): | 18 U.S.C. § 1349 |

6. **INCREASE IN OFFENSE LEVEL**

| 1 unit ⟶ no increase | 2 1/2 – 3 units ⟶ add 3 levels |
| 1 1/2 units ⟶ add 1 level | 3 1/2 – 5 units ⟶ add 4 levels |
| 2 units ⟶ add 2 levels | > 5 levels ⟶ add 5 levels |

7. **ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**

8. **COMBINED ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 6 and 7.

B-2

| Defendant: | Rizwan Qadir | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. § 1349 |

# WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

## 1.   PRIOR SENTENCES

**Prior Sentence of Imprisonment Exceeding 13 Months**                **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**                **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**                **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

| Defendant: | Rizwan Qadir | Count: | 1 |
| Docket No.: | | Statute(s): | 18 U.S.C. § 1349 |

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
| --- | --- | --- | --- | --- | --- |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*    If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*    A release date is required in only two situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

C-2

| Defendant: | Rizwan Qadir | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. § 1349 |

**2. COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

**3. PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

**4. TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.

0

**5. CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|:---:|:---:|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

I

C-3

| Defendant: | Rizwan Qadir | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. § 1349 |

# **WORKSHEET D (Guideline Range)**

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**
   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

   > 30

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

   > -3

3. **TOTAL OFFENSE LEVEL**

   Enter the difference between Items 1 and 2.

   > 27

4. **CRIMINAL HISTORY CATEGORY**

   Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

   > I

5. **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**
   a. <u>Total Offense Level</u>:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   b. <u>Criminal History Category</u>:  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
   Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

   > 70-87

   months

D-1

| Defendant: | Rizwan Qadir | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. § 1349 |

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.



months

D-2

| Defendant: | Rizwan Qadir | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. § 1349 |

## WORKSHEET E (Authorized Guideline Sentences)

**1.  PROBATION**
    a.  Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

[×]      1.  Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

[ ]      2.  Probation is authorized by the guidelines (minimum of guideline range = zero months).

[ ]      3.  Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

    b.  Length of Term of Probation (U.S.S.G. § 5B1.2)

[ ]      1.  At least 1 year but not more than 5 years (total offense level ≥ 6)

[ ]      2.  No more than 3 years (total offense level < 6).

    c.  Conditions of Probation  (U.S.S.G. § 5B1.3)

**2.  SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

[×]  a.  A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

[ ]  b.  A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months).  The authorized length of the term of supervised release is set forth below in Item 4.b.

**3.  IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**
A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

| Defendant: | Rizwan Qadir | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. § 1349 |

4.  **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

    a.  <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)
        The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute.  The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b.  <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

        ☐   1.  At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

        ☒   2.  At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

        ☐   3.  1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

        ☐   4.  The statute of conviction requires a minimum term of supervised release of _____ months.

    c.  Conditions of Supervised Release  (U.S.S.G. § 5D1.3)

        The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5.  **RESTITUTION (U.S.S.G. § 5E1.1)**

    ☐   1.  The court *must* order full restitution to the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3556, 3663A, 3664.)  The court will determine who the victims are and their restitution amounts.

    ☐   2.  The court *must* order full restitution to the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3556, 3663A, 3664)  The parties agree that full restitution is $_____.

E-2

| Defendant: | Rizwan Qadir | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. § 1349 |

[X]   3.   The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $4,010,462_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

[ ]   4.   The parties agree that the court ***may also*** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

[ ]   5.   Restitution is not applicable.

## 6. FINE (U.S.S.G. § 5E1.2)

a.   Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b.   Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))

| Minimum Fine | Maximum Fine |
|---|---|
| $25,000 | $250,000 |

E-3

| Defendant: | Rizwan Qadir | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. § 1349 |

## 7. SPECIAL ASSESSMENT(S)  (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $ 100.00      .

## 8. FORFEITURE (U.S.S.G. § 5E1.4)

[X] Assets of the defendant will be forfeited.

[ ] Assets of the defendant will not be forfeited.

## 9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

_____
_____

## 10. UPWARD OR DOWNWARD DEPARTURE  (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____
_____
_____

Rev. 07/13

E-4