UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Case No. 15-20807

v.        Honorable: Arthur J. Tarnow

RIZWAN QADIR, M.D.

        Defendant.
_____/

## PRELIMINARY ORDER OF FORFEITURE

An Information was filed on or around December 17, 2015, which charged Defendant Rizwan Qadir ("Defendant") with one count of Health Care Fraud Conspiracy pursuant to 18 U.S.C. § 1349. The Information also sought criminal forfeiture pursuant to 18 U.S.C. § 982 and/or 18 U.S.C. § 981, with 28 U.S.C. § 2461(c), including any property, real or personal, that constitutes of is derived, directly or indirectly, from gross proceeds traceable to the commission of such violation as charged within the Information, including the following property (hereinafter "Subject Property"):

    a.    $107,239.89 in funds from Talmer Bank and Trust Account #8840000476, held in the name of Rizwan Qadir, M.D. P.C.;

    b.    $18,289.61 in funds from Talmer Bank and Trust Account #8840002505 held in the names of Rizwan Qadir and Fariha Qadir; and

    c.    $10,274.38 in funds from Talmer Bank and Trust Account #840000971

held in the names of Rizwan Qadir and Fariha Qadir;

On February 3, 2016, Defendant pleaded guilty to Count One of the Information, which charged Defendant with Health Care Fraud Conspiracy pursuant to 18 U.S.C. § 1349. Defendant also agreed to the forfeiture of the Subject Property.

In the Rule 11 Plea Agreement, Defendant also agreed to the entry of a forfeiture money judgment against him in favor of the United States in an amount to be determined by the Court. Defendant agreed that the Court would determine what amount of money constitutes, or was derived from, the proceeds Defendant obtained, directly or indirectly from the crime committed as charged in Count One. Defendant agreed that the forfeiture money judgment may be satisfied by any assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(1). The amount owned on the forfeiture money judgment would be reduced by the net amount realized from the forfeiture of the Subject Property.

NOW, THEREFORE, based upon the Information, the Defendant's agreement to forfeiture, and other information in the record:

IT IS HEREBY ORDERED that Defendant hereby forfeits to the United States any and all interest he may have in the Subject Property pursuant to 18 U.S.C. § 982 and/or 18 U.S.C. § 981, with 28 U.S.C. § 2461(c) including:

    a.    $107,239.89 in funds from Talmer Bank and Trust Account #8840000476, held in the name of Rizwan Qadir, M.D. P.C.;

    b.    $18,289.61 in funds from Talmer Bank and Trust Account #8840002505 held in the names of Rizwan Qadir and Fariha Qadir; and

    c.    $10,274.38 in funds from Talmer Bank and Trust Account #840000971 held in the names of Rizwan Qadir and Fariha Qadir;

IT IS FURTHER ORDERED THAT a forfeiture money judgment is entered against Defendant in favor of the United States in an amount to be determined by the Court. Given that the amount of the money judgment will be determined at sentencing, the Preliminary Order of Forfeiture should be entered and thereafter amended when the Court determines the amount of the money judgment that should be entered against Defendant. Once amended, the forfeiture money judgment shall become final upon entry given that ancillary proceedings are not required for the forfeiture money judgment. The value of any property forfeited pursuant to this Order shall be credited against the forfeiture money judgment. The forfeiture money judgment may be further satisfied, to whatever extent possible, from any property owned or under the control of Defendant.

IT IS FURTHER ORDERED that upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or her designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

The United States shall publish on www.forfeiture.gov, notice of this preliminary forfeiture order and of its intent to dispose of the above-named property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person other than the Defendant asserting a legal interest in the Subject Property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property.  The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the property.

Pursuant to Fed.R.Crim.P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of his sentencing.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

Any petition filed by a third party asserting an interest in the Subject Property

shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, and additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Date: August 5, 2016            s/Arthur J. Tarnow
                                HONORABLE ARTHUR J. TARNOW
                                UNITED STATES DISTRICT JUDGE